Gregory B. Collins (#023158)
Zachary R. Fort (#031643)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
zrf@kflawaz.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Pratte, | Case No. 2:19-cv-00239-PHX-GMS |
| Plaintiff, | **JOINT CASE MANAGEMENT REPORT** |
| vs. | |
| Jeffrey Bardwell and Fanny F. Bardwell, husband and wife, | |
| Defendants. | |

Plaintiff Ronald H. Pratte and Defendants Jeffrey Bardwell and Fanny F. Bardwell jointly submit this report of their Rule 26(f) planning meeting and case management plan. This report follows the format set out in the Court's Order Setting Rule 16 Case Management Conference (Doc. 6).

1.    **Rule 26(f) Meeting**. On April 9, 2019, counsel for the parties conducted a telephonic meet and confer to discuss Rule 26(f) and discovery topics. Greg Collins and Zach Fort participated for Mr. Pratte. Thomas Marlowe participated for the defendants.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

2.   **Parties and parent entities**.   The plaintiff in this case is Ronald H. Pratte, an individual.   The defendants are Jeffrey and Fanny Barwell, husband and wife.

3.   **Nature of the case**.

**Plaintiff's Statement**:   This is a breach of contract case arising from an employment relationship between Mr. Pratte and Mr. Bardwell.   In December 2005, the parties entered into an oral agreement that Mr. Bardwell would work for Mr. Pratte until either man died.   In exchange for Mr. Bardwell's promise to continue working for Mr. Pratte until either man died, Mr. Pratte provided the following consideration to Mr. Bardwell:   $2,000,000.00 cash; three real estate parcels located in Nevada and Arizona; and reimbursement for tax liabilities.   Together, the up-front consideration paid to Mr. Bardwell exceeded $10,000,000.00.   Between 2006 and 2018, Mr. Bardwell worked under the terms of the parties' agreement.   In March 2018, Mr. Bardwell ceased all work for Mr. Pratte.   Before filing this lawsuit, Mr. Pratte demanded that Mr. Bardwell return the consideration he received in exchange for his agreement to work for Mr. Pratte until either died.   Mr. Bardwell refused.   Mr. Pratte's asserts three causes of action: breach of contract, promissory estoppel, and unjust enrichment.

**Defendants' Statement:**   Defendants deny Pratte's allegations.   Bardwell acknowledges receipt of cash and properties.   Bardwell asserts that the monies and properties were, in fact a gift and that he was treated similar to four other persons (members of Pratte's family) who received identical gifts at the time.   Bardwell further asserts that a gift tax return and other related filings were submitted to the Internal Revenue Service by Pratte evidencing his intent to make a gift to Bardwell. Bardwell denies there was any agreement or promise to work for the remainder of either of their lives and his continued association (not employment) with Pratte for over a decade was due to Bardwell's gratitude for the life-changing gift, his sense of loyalty to Pratte who treated him like a virtual son for a period of time, and his

personal desire to learn from Pratte. Bardwell further asserts there was no written agreement, and therefore Bardwell denies the existence of an enforceable agreement/promise obligating Bardwell to work for Pratte until either man died. Bardwell further asserts that Pratte's position is both contrary to the facts and would constitute an evasion of, or violation of tax and other laws, such as an employer's duty to pay social security, Medicare, disability and other required payments on behalf of any employee and that he is estopped from taking contrary positions 12-years later. Bardwell finally contends that due to Pratte's claim of "impoverishment" in relation to the unjust enrichment claim, and to provide appropriate context for any jury, it is important to share with the jury that this monetary transfer to Bardwell represented less than 3% of Plaintiff's net worth.

4. **Jurisdiction**. This is a diversity case with subject matter jurisdiction under 28 U.S.C. §§ 1332. The amount in controversy exceeds $10 million. Plaintiff is a citizen of Arizona and Defendants are citizens of California.

5. **Status of service and appearances**. All defendants have been served and appeared.

6. **Additions and Amendments**. Mr. Pratte's counsel is still familiarizing itself with the facts and issues relevant to this dispute. There is a possibility that Mr. Pratte will seek to amend his complaint to include additional claims arising from the theft of his property and/or add claims against Mr. Bardwell's former wife. Defendants may seek to Amend their Answer based upon any future Amended Complaint, or independently based upon the upcoming MIDP disclosures and document production.

7. **Contemplated motions**. Pending exchange of the MIDP disclosures and information, it is too early to know with any certainty which motions (if any) will be filed and on which topics, both parties anticipate the possibility of filing a motion for summary judgment on liability, namely, whether the agreement between the parties is enforceable. No *Daubert* motions are contemplated at this time, but may arise

Kersmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

3

after the disclosure of experts, if any, by either party.   Similarly, post-expert disclosures, other motions under Rules 702-705 may arise.

8.   **Suitability for reference to a magistrate judge**.   The parties do not believe this case is suitable for reference to a magistrate judge for settlement conference or trial.  The parties may pursue private mediation.

9.   **Related pending cases**.  There are no related cases meeting the criteria of LRCiv 42.1(a) or (e).

10.   **ESI issues**.  The parties have taken steps to preserve potentially relevant ESI and agree to produce ESI in searchable TIFF or PDF format when possible, except in the case of spreadsheets, which will be produced in native format.   The parties do not believe there is a need for a separate order governing ESI issues.

11.   **Privilege and work product issues**. The parties do not anticipate any disputes concerning privilege or work product.  The Court is advised, however, that Plaintiff's counsel only recently appeared in this matter due to a conflict of interest involving Plaintiff's former counsel, Sacks Tierney.   Specifically, Sacks Tierney previously represented Bardwell in his divorce proceeding in which positions and arguments were made regarding the nature of the transactions at issue in this case, i.e., that it was a gift.  It is presently unknown whether Bardwell will waive his privilege with respect to those matters or information contained in his domestic relations file.  Defendants' counsel have requested, and are awaiting disclosure and receipt of the files from prior counsel and Sacks Tierney at this time.

12.   **Rule 502(d) order**.  The parties do not believe a Rule 502(d) order is warranted or needed at this time, but this may change based upon the discussion set forth above under paragraph 11.

13.   **Mandatory Initial Discovery Pilot Project**.   Given Mr. Pratte's counsel's recent substitution into this case, the Court extended the parties' MIDP deadline and ordered the parties to exchange MIDP disclosures within 30 days of

Kersmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

counsel's substitution.  The parties have agreed to exchange MIDP disclosures on or before **April 24, 2019**.

    14.  **Necessary Discovery**.

        a.  **Extent, nature, and location and proportionality**.  The parties believe that discovery in this case will predominantly consist of document discovery and deposition testimony related to: 1) the alleged formation of an enforceable oral employment agreement; 2) the business and personal relationship between the parties between 2006 – 2018; 3) any evidence or discussions related to any alleged employment agreement, any alleged employment relationship, and the payments and property conveyed by Pratte to Bardwell and past positions taken by the Parties in relation to the transfer of properties, i.e., gift or consideration.  At this stage, it is unclear how many depositions each party will need or what the universe of relevant documents will look like.  Given that the relationship between Pratte and Bardwell spans almost 20 years, the Parties commit to working together to narrow the relevant universe of document discovery.

        b.  **Suggested changes to limitations**.  No suggested changes.

        c.  **Number of hours permitted for each deposition**.  The parties agree to limit depositions to seven (7) hours per witness in compliance with Fed. R. Civ. P. 30(d)(1), and further agree to work together in the event any issues arise regarding the length of a particular deposition.

    15.  **MIDP discovery responses**.  The parties will serve their MIDP disclosures on or before **April 24, 2019**

    16.  **Proposed dates**.

        a.  **Completion of fact discovery and final supplementation of**

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

**MIDP responses**:  December 6, 2019

b.  **Expert disclosures deadline**:  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts on issues on which they bear the burden of proof pursuant to Fed. R. Civ. P. 26(a)(2)(A)–(C) by January 3, 2020.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts on issues on which they bear the burden of proof pursuant to Fed. R. Civ. P. 26(a)(2)(A)–(C) by February 7, 2020.  Rebuttal expert disclosures, if any, shall be made no later than March 27, 2020.

c.  **Expert depositions deadline**:  May 1, 2020.

d.  **Deadline for face-to-face good faith settlement talks**:  December 13, 2019.

e.  **Dispositive motion deadline**:  May 15, 2020.

17.  **Jury trial requested**.   Both sides demanded a jury in their initial pleadings.  These requests are not contested.

18.  **Prospects for settlement**.  Given the amount in controversy, settlement appears unlikely, but the parties will continually reassess settlement posture as the case proceeds.

19.  **Other matters**.   At this time, the parties are not aware of any other matters that require the Court's attention.

Kersmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

6

1

DATED this 9th day of April, 2019

2

3
KERCSMAR & FELTUS PLLC

4
By: *s/ Gregory Collins*

5
Gregory B. Collins
Zachary R. Fort

6
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

7
*Attorneys for Plaintiff*

8

9
**LAW OFFICES OF THOMAS J. MARLOWE**

10

11
By: *s/ Thomas Marlowe*

Thomas J. Marlowe

12
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016

13
*Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## CERTIFICATE OF SERVICE

I certify that on April 9, 2019, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Thomas M. Connelly
**LAW OFFICES OF THOMAS M. CONNELLY**
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

Thomas J. Marlowe
**LAW OFFICES OF THOMAS J. MARLOWE**
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

*Attorneys for Defendants*


*s/ Patricia S. Werner*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

8