# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Pratte, | No. CV-19-00239-PHX-GMS |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Jeffrey Bardwell, et al., | |
| Defendants. | |

Upon the stipulation of the parties, and for good cause shown, and for the purpose of protecting confidential personal or business information and facilitating discovery,

**IT IS HEREBY ORDERED** as follows:

1. Discovery in this case may require production of documents and disclosure of information which the parties or producing party (the "producing party") consider confidential and/or proprietary in nature which, in turn, requires protection against unrestricted disclosure and use.

2. The producing party may designate documents, ESI, or other materials "Confidential," as specified below. The producing party shall apply a confidentiality designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" material. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that

might disclose protected material to persons not authorized to receive such material.

    a.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced, or for information disclosed before entry of this Order, within thirty (30) days following the entry of this Order. Any and all confidential designations made by the parties must be made in good faith.

    b.    <u>"Confidential" Information or Items</u>. Materials that may be designated as "Confidential" include information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure.

    c.    The designation of materials as "Confidential" shall be made as follows:

    (i)    for produced documents, by imprinting by any means including hand-written notations the word "Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

    (ii)    for written discovery responses, by imprinting the word "Confidential" next to or above any response to a discovery request or on each page of a response;

    (iii)    for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or court proceeding, the offering

or sponsoring party or non-party may designate such transcript or recording, or any portion thereof, as "Confidential" by notifying all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Confidential." All transcripts or recordings of depositions shall be treated as "Confidential" for thirty (30) days after receipt of the transcript or recording, or until any and all written notices of Confidential designations are received, whichever occurs first. Transcripts designated at the time of the deposition as containing Confidential material shall be clearly and conspicuously marked by the court reporter on the cover of the transcript as follows: **"This transcript contains information designated as CONFIDENTIAL under the terms of the Parties' Stipulated Protective Order entered by the Court in this case"**;

    (iv)    for ESI, either by imprinting the word "Confidential" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" in the transmittal cover letter.

3.    Subpoenas duces tecum. For documents produced by non-parties pursuant to subpoenas duces tecum, the party that receives the documents pursuant to the subpoena will promptly (not more than 14 calendar days) produce copies of all documents received to the other parties in this litigation and not await the filing of a supplemental MIDP disclosure. Within fifteen days of providing copies of the subpoenaed documents to the other parties, any party shall have the ability to designate any of the subpoenaed documents "confidential" pursuant to this Stipulated Protective Order.

4.    Any information or documents so designated shall be used only in the prosecution and defense of this case through the conclusion of this case, including appeals if any, and shall be restricted solely to the following persons unless and until this Court rules that any such protected information should be disclosed beyond the limits permitted by this Order:

a. The parties and officers, members, or persons employed directly by the parties, the attorneys of record for the parties, and persons directly employed by the attorneys of record for the specific and sole purpose of assisting said attorneys in the case. Such individuals shall be bound by the terms of this Order;

b. Experts and consultants retained by the attorneys or parties in the case, provided that each such expert and consultant shall execute a copy of Exhibit A, attached hereto, and provide a copy of the executed Exhibit A to the producing party;

c. Non-party deponents, on the condition that they are first placed on notice that they are prohibited from disclosing or making use of any such protected information which may be disclosed to them in the course of discovery or any other proceeding in the case, and who agree on the record that they will maintain the confidentiality of the information disclosed;

d. The Court, Court personnel and staff, and stenographers and videographers at any deposition or Court proceeding;

e. Outside and/or in-house counsel of any corporate entities or defendants;

f. Authors, addressees, originators, or producing party of the protected information;

g. Jurors at any trial in this matter may be presented such materials (subject to redaction of social security numbers and other personal non-relevant data) as exhibits, if otherwise relevant to any claim or defense and if found admissible by the Court subject to any other evidentiary challenges.

5. Copies of protected documents may be made for the experts and consultants described in paragraph 4(b), provided such individuals comply with the requirements of paragraph 4(b).

6. All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court during the case that have been designated by any party as

"Confidential," pursuant to paragraph 2(C) above, shall be filed in accordance with the Court's procedure(s) under Local Rule 5.6.

7. All protected information, as well as duplicates and other documents referring in whole or in part to the protected information and the information contained therein, shall be maintained in confidence by all counsel and persons to whom disclosure is made pursuant to this Order, and shall be used only for purposes of this case or as provided for herein, and shall not be disclosed to anyone other than the persons and in the manner described herein.

8. On final termination of this action, including appeals, if any, each party and other person subject to the terms hereof shall return to the producing party all materials and documents containing protected information, all copies, summaries, and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said material. Alternatively, and subject to the provisions of paragraph 12 below, the parties or their counsel may certify to the opposing party that all documents marked "Confidential" have been deleted within thirty days after a final termination of this action. There is not a final termination of this action until all time periods to appeal, if any, have been exhausted.

9. Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this action. If a party disagrees with a producing party's designation of information as "Confidential," or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties within ten (10) business days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the "confidential" designation. The producing party shall then have five (5) business days from the filing of

a motion contesting the designation or restriction on access to file an opposition to such motion, following which the contesting party shall be afforded three (3) business days to file a reply memorandum. The "Confidential" status of the challenged material shall be maintained until the Court shall rule on the motion. While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the "Confidential" designation is appropriate. A challenge under this paragraph shall not affect a party's right of access to "Confidential" material or to disclose information as provided for in this Order. A party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge within any specific time period after the original designation is made.

10. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "Confidential" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific "Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information.

The parties specifically reserve the right to challenge the designation of any particular information as "Confidential," and agree that no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the disclosure or discovery material covered by this Order. Furthermore, the parties specifically reserve the right to apply to the Court for a further protective order or in camera inspection relating to any protected information or discovery material, and the right to seek a modification of this Order.

11. Absent written permission from the Producing Party or a court order secured

after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Confidential Information. The following requirements apply to filing Confidential Information:

    a.    Any Party seeking to file any documents with the Court in this action that contain, attach, or refer to Confidential Information shall lodge such documents under seal pursuant to the Court's rules and filing procedures, including LRCiv 5.6 and the Electronic Case Filing Administrative Policies and Procedures Manual. In addition to lodging the documents under seal, the filing Party shall also lodge a publicly-accessible version of the documents, with the Confidential Information redacted. The filing Party shall ensure that the underlying redacted text or other information is not accessible. The techniques of electronically highlighting the text with black color highlighting or changing the text color to white are not sufficient.

    b.    The conference required by LRCiv 5.6(d) shall occur no later than three business days before the anticipated filing date. At that conference, the Parties shall also confer about appropriate redactions. If the Parties are unable to agree on what material must be redacted, then the Party that wishes to file the document or refer to the Confidential Information must email the document and identify the Confidential Information to be included to the Party who designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" no later than two business days before the anticipated filing date in order to allow the Producing Party to identify appropriate redactions, and the Party that wishes to file the document shall adopt those redactions in the publicly-accessible versions of the document.

    c.    Nothing in this Protective Order shall be construed as automatically permitting a Party to file any document under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1174 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, L.L.C., 809 F.3d 1092 (9th Cir. 2016).

12. The inadvertent or unintentional disclosure by the producing party shall not be deemed a waiver of the confidential nature of the information disclosed.

13. Notwithstanding paragraph 8 above, in the event Plaintiff prevails in whole or in part on any of his claims, the parties reasonably foresee the possibility that they may need to amend various state and federal tax returns to ensure compliance with federal and state law in light of changed positions. While the provisions of confidentiality shall continue to apply to the Parties with respect to disclosure to any third-parties generally, retention of confidential documents and the disclosure of any pertinent confidential documents or tax records or returns may become necessary for the purpose of amending pertinent tax returns and explaining or justifying past positions taken by the parties to state or federal taxing authorities with respect to any relevant tax years. Any and all other confidential information not necessary for the purpose specified herein shall remain subject to return or destruction as provided in paragraph 8 above.

14. The parties and any other person(s) subject to the terms of this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order. This Order shall survive the termination of this lawsuit.

Dated this 17th day of July, 2019.

_____
G. Murray Snow
Chief United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER

I, _____, hereby acknowledge that I may receive confidential information in connection with the following case:

*Ronald H. Pratte v. Jeffery Bardwell, et al.*, Case No. 2:19-cv-00239-PHX-GMS, currently pending in the United States District Court for the District of Arizona.

I hereby certify my understanding that if I receive designated confidential information it is being provided to me pursuant to the terms and restrictions of the Protective Order entered on _____, ____, in this case. I further certify that I have been given a copy of and have read the terms of that Protective Order, that I agree to be bound by its terms, and that I submit to the jurisdiction of the Court for purposes of enforcing that Protective Order.

Dated this _____ day of _____, _____.

_____
Signature

_____
Printed Name