LAW OFFICES OF THOMAS M. CONNELLY
Thomas M. Connelly (Az. Bar. No. 012987)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

LAW OFFICES OF THOMAS J. MARLOWE
Thomas J. Marlowe (Az. Bar No. 016640)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

Attorneys for Bardwell Defendants

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Pratte, | Case No.: 2: 19-cv-00239-PHX-GMS |
| Plaintiff, | |
| vs. | **JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER** |
| Jeffrey Bardwell and Fanny F. Bardwell, husband and wife, | |
| Defendants. | **[First Request]** |

      Plaintiff Ronald H. Pratte and Defendants Jeffrey Bardwell and Fanny F. Bardwell stipulate and jointly move this Court for an order extending the discovery deadlines set forth in the Case Management Order [Docket # 14] as follows:

      1.    Extending the deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, from December 6, 2019 to January 31, 2020.

1

2. Extending the deadline for Plaintiff to provide full and complete expert disclosures from January 3, 2019 to February 21, 2020.

3. Extending the deadline for Defendants to provide full and complete expert disclosures from February 7, 2020 to March 13, 2020.

4. Extending the deadline for rebuttal expert disclosures from March 27, 2020 to April 10, 2020.

NOTE: The following enumerated requests for enlargements (paragraphs 5-7) are requested by Defendants only as set forth in the good cause statement below. Although not joining in requests 5-7, after conferring upon the matter, Plaintiff, by and through counsel, does not oppose the requested enlargements set forth in paragraphs 5-7.

5. Defendants request the deadline for completing all expert depositions be extended from May 1, 2020 to May 15, 2020.

6. Defendants further request the Court extend the dispositive motion deadline from May 15, 2020 to June 5, 2020 to maintain the overall timeline whereby all information can be considered, including expert depositions, if needed.

7. To comport with the Court's prior Scheduling Order, it is requested the pre-motion conference letter submission and contact date be moved from April 17, 2020, to May 8, 2020. On or before May 8, 2020, the parties shall exchange their respective two-page letters regarding any anticipated dispositive motions, and on May 8, 2020, the parties shall contact the Court to schedule a time for the pre-motion conference, if needed.

/ / / /

/ / / /

/ / / /

/ / / /

# GOOD CAUSE STATEMENT[1]

To date, both parties have diligently investigated and are continuing to develop their respective cases. Moreover, counsel have endeavored to cooperate with each other and have resolved several preliminary discovery disputes without seeking the Court's involvement. The parties have agreed upon schedules for some depositions, compliance dates for discovery requests or third-party subpoenas, and Plaintiff's counsel have agreed to facilitate the appearance for a deposition of an out-of-state material witness without Defendants incurring the need or expense of formal service.

In short, all counsel to date thus far have acted in a reasonable and professional manner and mutually contend this request is necessary, reasonable, and in furtherance of that cooperative atmosphere and in the interests of justice.

The extension or enlargement requested is also reasonable based upon the circumstances. By way of background, at the initial scheduling conference the parties agreed upon pertinent dates, knowing that the operative event at issue in this matter, i.e., the gift or oral contract and attendant property transfers, occurred approximately 14-years ago. Counsel believed, however, that despite the age of the case the dates and time proposed was sufficient for the needs of the case. Unfortunately, while recognizing the age of the case, counsel did not foresee all of the logistical issues with which they would be confronted. Such issues have included, for example, months of investigation searching for previous attorney files, interfacing with predecessor firms, successive firms, awaiting former counsel's search of storage facilities, subpoenaing prior counsel for documents (while maintaining the privilege). The parties have also engaged in other recent good faith settlement discussions, which although not successful at this time, may be renewed at a

---

[1] The parties agree and stipulate that good cause exists to extend the discovery deadlines enumerated in paragraphs 1-4 above. Defendants believe that further good cause exists necessitating an extension of the deadlines enumerated in paragraphs 5-7 above. Plaintiff joins in the good cause statement as relevant to the discovery deadlines enumerated in paragraphs 1-4.

future date as contemplated by the Court in its prior Order. The parties are aware that the Court will not continue or extend these dates merely to facilitate potential future settlement discussions.

Recently, Defendants served several third-party subpoenas, including one on a material witness who is presently out-of-state and who has requested an additional three weeks to respond to the subpoena given unforeseeable conflicts with his personal vacation schedule and the acknowledged substantial volume of responsive documents in his possession. Another third-party also requested a similar extension due to the age of the documents and the need to search archived materials. It is anticipated that the materials to be provided will be utilized in several depositions, including perhaps the depositions of the parties themselves. Accordingly, the requested extensions from these third-party witnesses, coupled with the other logistical issues which exist and are now more fully recognized, necessitates the postponement of these third-party depositions that the parties had anticipated completing in November, after reviewing the documents.

Paragraphs 1-4 as enumerated above are joint requests made by both parties.

Defendants believe paragraphs 5-7 are both necessary and provide realistic time frames within which to complete the remaining pertinent tasks. Paragraph 5 allocates a total of 5 weeks (two additional weeks) to ensure sufficient time to schedule and complete all depositions of any expert witnesses or rebuttal experts. Paragraph 6 extends the dispositive motion deadline, which otherwise falls on the same date by which expert depositions must be completed, to permit adequate time to consider whether and what impact any expert depositions may have on any possible dispositive motions contemplated by the parties. Paragraph 7 comports with the Court's prior order to ensure the parties and the Court are aware of any motions that may be filed in a timely manner.

The parties believe that the requested extension(s) set forth in paragraphs 1-4 provide adequate time to complete fact discovery and properly prepare the case as originally envisioned and ordered by the Court. Moreover, the parties wish to note that

although some deadlines are extended for more than thirty (30) days to accommodate scheduling difficulties or third-party requests, or for other reasons, the dates remain within the Court's original timeline.

Defendants' additional requests, which again Plaintiff does not oppose, are also believed to be reasonable and prudent. Moreover, if the Court grants all of the requested enlargements set forth herein, the overall "net impact" upon the Court's docket and the schedule in this case amounts to only 3-weeks, i.e., the May 15, 2020 dispositive motion deadline being extended to June 5, 2020.

A proposed order reflecting the parties' requested modifications to the Case Management Order is attached.

DATED this 5th day of October, 2019

KERCSMAR & FELTUS PLLC

By: *s/ Zach Fort (with permission)*
   Gregory B. Collins
   Zach R. Fort
   7150 East Camelback Road, Suite 285
   Scottsdale, Arizona 85251
   *Attorneys for Plaintiff*

LAW OFFICE OF THOMAS J. MARLOWE

By: *s/ Thomas J. Marlowe*
   Thomas J. Marlowe
   2425 East Camelback Road, Suite 880
   Phoenix, Arizona 85016
   *Attorney for Defendants*

# **CERTIFICATE OF SERVICE**

I certify that on October 5, 2019, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Thomas M. Connelly
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

Thomas J. Marlowe
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

*Attorneys for Defendants*

s/ Thomas J. Marlowe