Gregory B. Collins (#023158)
Zach R. Fort (#031643)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
zrf@kflawaz.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Pratte,<br><br>    Plaintiff,<br><br>vs.<br><br>Jeffrey Bardwell and Fanny F. Bardwell, husband and wife,<br><br>    Defendants. | Case No. 2:19-cv-00239-PHX-GMS<br><br>**JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER**<br><br>**(Second Request)** |

Plaintiff Ronald H. Pratte and Defendants Jeffrey Bardwell and Fanny F. Bardwell stipulate and jointly move this Court for an order extending the discovery deadlines as follows:

1. Extending the deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, from January 31, 2020 to **February 28, 2020**.

2. Extending the deadline for Plaintiff to provide full and complete expert disclosures from February 21, 2020 to **March 27, 2020**.

3. Extending the deadline for Defendants to provide full and complete expert disclosures from March 13, 2020 to **April 10, 2020**.

1

4. Extending the deadline for rebuttal expert disclosures from April 10, 2020 to **May 8, 2020**.

5. Extending the deadline for completing all expert depositions from May 15, 2020 to **June 19, 2020**.

6. Defendants further request the Court extend the dispositive motion deadline to **July 17, 2020** to maintain the overall timeline whereby all information can be considered, including expert depositions, if needed.

7. To comport with the Court's prior Scheduling Order, it is requested the pre-motion conference letter submission and contact date be moved from May 8, 2020 to **June 12, 2020**. On or before June 12, 2020, the parties shall exchange their respective two-page letters regarding any anticipated dispositive motions, and on June 12, 2020, the parties shall contact the Court to schedule a time for the pre-motion conference, if needed.

## GOOD CAUSE STATEMENT

To date both parties have diligently investigated and are continuing to develop their respective cases. Moreover, counsel have developed a cooperative relationship geared toward obtaining as much information as possible to resolve this case on-the-merits. Further, although the parties have had numerous discovery disputes, to date, the parties have managed to resolve all such disputes without Court's intervention.

As of the filing of this Joint Motion the parties have taken six fact witness depositions, engaged in extensive written discovery and issued subpoenas to several third parties. Recently, the Plaintiff's deposition was scheduled along with that of Defendant. Due to medical reasons, however, Plaintiff's deposition had to be reset to a date not yet determined, but which the parties believe will occur in the first two weeks of February, to be followed by Defendant's deposition shortly thereafter. In the interests of judicial economy, the Parties have also agreed to meet and confer to determine whether 3-4 other potential fact witnesses will be called at trial, or whether their depositions and testimony may be unnecessary and cumulative; a determination which can only be made after

completing Plaintiff's and Defendant's depositions. Accordingly, it is requested that the Court recognize and accept the parties' agreement that a continuance is necessary and reasonable to promote full development of the case and facts is not requested merely for purposes of delay.

The extension or enlargement requested is also reasonable based upon the circumstances. As the Court is aware, the operative event at issue in this matter is whether a transfer of monies and property made over fourteen years ago involved an oral contract whereby Defendant agreed to work for Plaintiff for the rest of Plaintiff's life, or was a gift to Plaintiff and others receiving the same amounts in simultaneous transfers. Because this dispute involves an oral contract and due to the passage of time, counsel did not foresee all of the logistical issues with which they would be confronted. One such issue, for example, involved the existence and retrieval of previous attorney and accountant files. Only in the past few weeks were the Parties able to determine that complete copies of the files of predecessor law firms no longer exist, in paper or electronic form, and that Plaintiff's prior accountant is no longer in possession of pertinent work papers or other materials relevant to Plaintiff's gift tax return filed in relation to the transfers at issue.

The parties have also engaged in other recent good faith settlement discussions, which although not successful at this time, may be renewed at a future date as contemplated by the Court in its prior Order. The Parties acknowledge, however, that the schedule will not be continued merely to facilitate settlement discussions.

The Parties also anticipate they may require the Court's assistance in relation to two other depositions. Specifically, the deposition of Defendant's prior divorce counsel and the deposition of Plaintiff's prior accountant responsible for preparing the gift tax return. Plaintiff has asserted the accountant-client privilege and Defendant has asserted the attorney-client and work-product privilege. It is possible that such issues will be resolved when those professionals' depositions are taken, or the parties may require the Court to rule on issues of waiver of any such privilege, with or without briefing.

The Parties are aware this is a second request to continue and believe that, absent full briefing and hearing on any privilege disputes as may be ordered by the Court, the time frames requested would be sufficient to complete the tasks set forth above. A proposed order reflecting the parties' requested modifications to the Court's October 8, 2019 Modified Case Management Order is attached.

DATED this 24th day of January, 2020.

KERCSMAR & FELTUS PLLC

By: *s/ Zach Fort*
   Gregory B. Collins
   Zach R. Fort
   7150 East Camelback Road, Suite 285
   Scottsdale, Arizona 85251
   *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on January 24, 2020, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Thomas M. Connelly
**LAW OFFICES OF THOMAS M. CONNELLY**
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Tconnelly2425@aol.com

Thomas J. Marlowe
**LAW OFFICES OF THOMAS J. MARLOWE**
2425 East Camelback Road, Suite 880
Phoenix, Arizona  85016
Tmarlowe2425@outlook.com

*Attorneys for Defendants*

s/ Mary Ann Bautista