LAW OFFICES OF THOMAS M. CONNELLY
Thomas M. Connelly (Az. Bar. No. 012987)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

LAW OFFICES OF THOMAS J. MARLOWE
Thomas J. Marlowe (Az. Bar No. 016640)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

Attorneys for Bardwell Defendants

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald H. Pratte,<br><br>    Plaintiff,<br><br>vs.<br><br>Jeffrey Bardwell and Fanny F. Bardwell, husband and wife,<br><br>    Defendants. | Case No.: 2:19-cv-00239-PHX-GMS<br><br>**UNOPPOSED MOTION TO MODIFY DEADLINE FOR COMPLETION OF FACT DISCOVERY AND TO CONTINUE ALL DATES IN THE CASE MANAGEMENT ORDER** |

Defendants, Jeffrey Bardwell and Fanny F. Bardwell move the Court for an Order extending the deadline "for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena", for a period of sixty (60) days from March 20, 2020 to May 22, 2020. This requested extension will require the Court to extend other associated deadlines and the undersigned avows Plaintiff's counsel does not oppose this request.

1

The extension is requested based upon the timeline set forth below and for the following reasons:

a. On February 27, 2020, Plaintiff was deposed in this matter. While Plaintiff was testifying he revealed that additional accounting records and files exist and were likely in the care and custody of Plaintiff's current and previously undisclosed accountants;[1]

b. On March 2, 2020, a discovery dispute teleconference was conducted by the Court regarding Plaintiff's invocation of the account-client privilege.

c. During the conference the Court was informed that Defendant's deposition was scheduled for March 6, 2020 and the deposition of Plaintiff's former accountant (Mr. Shisler) was scheduled for March 12, 2020;

d. The Court determined consideration of the waiver issue was premature, but also discussed other factors or concerns and indicated the waiver issue may become ripe after Mr. Shisler was deposed;

e. On March 6, 2020, Defendant was deposed. During Defendant's deposition the undersigned was advised Plaintiff was waiving the accountant-client privilege;

f. On March 11, 2020, an additional 257 pages of tax related records were disclosed to Defendant's counsel;

g. Due to the need to review these records carefully, Mr. Shisler's deposition was continued;

---

[1]The undersigned wishes to make clear that <u>both counsel</u> were unaware of this information prior to Mr. Pratte's deposition;

    h. Thereafter, the COVID-19 public health issue arose causing unforeseen and unavoidable delays impacting the parties' ability to complete fact discovery and to comply with the current scheduling order and other deadlines set in this case;

    i. Mr. Shisler's counsel, Michael Plati of Dickinson Wright, advised their office is currently closed due to public health concerns and Plaintiff's current CPA firm, Secore and Niedzelak, advised their office building was on restricted access, but they would accept service of a subpoena *duces tecum* by email and respond as soon as is reasonably practicable under the circumstances.

As previously represented to the Court, the parties are working amicably to resolve most matters without court intervention and are proceeding as diligently as possible under the circumstances. Recent events, however, make adherence to the present scheduling order impossible. Moreover, there is no present certainty as to when the remaining depositions may be able to be conducted which, in turn, impact other attendant deadlines. Based upon the timeline above Defendants assert there is good cause to extend the deadlines for a period of sixty days. This period of time will enable the parties to better assess the state of affairs in light of recent events and, if resolved, schedule and conduct the remaining critical depositions.

Plaintiff does not oppose this request.

Defendants suggest that rather than setting forth firm dates at this time, that the Court consider Ordering the parties to file a joint status report in 30-days informing the Court whether depositions were able to be scheduled and whether the case can proceed under otherwise normal timeframes. At that time and in conjunction with the status report the Parties can also tender a suggested modified scheduling Order for the Court's consideration setting forth new times by which the parties must comply with all other deadlines, i.e., disclosure of experts, rebuttal reports, dispositive motions, and other matters. This will avoid the need to vacate and further amend dates.

A proposed order reflecting the request to continue all case related deadlines for 60-days and ordering a status report and proposed dates to be filed in approximately 30-days is attached.

DATED this 18th day of March, 2020.

          By: /s/ Thomas J. Marlowe
          LAW OFFICES OF THOMAS J. MARLOWE
          Thomas J. Marlowe
          2425 East Camelback Road, Suite 880
          Phoenix, Arizona 85016
          Phone: (602) 957-1993
          Tmarlowe2425@outlook.com

## CERTIFICATE OF SERVICE

I, Thomas J. Marlowe, hereby certify that on March 18, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s) in this case.

By: /s/ Thomas J. Marlowe

Gregory B. Collins
Eric B. Hull
Kercsmar & Feltus PLLC
7150 E. Camelback Road, Ste. 285
Scottsdale, Arizona 85251
gbc@kflawaz.com
ebh@kflawaz.com
Attorneys for Plaintiff