LAW OFFICES OF THOMAS M. CONNELLY
Thomas M. Connelly (Az. Bar. No. 012987)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

LAW OFFICES OF THOMAS J. MARLOWE
Thomas J. Marlowe (Az. Bar No. 016640)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

Attorneys for Bardwell Defendants

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald H. Pratte, <br><br> Plaintiff, <br><br> vs. <br><br> Jeffrey Bardwell and Fanny F. Bardwell, husband and wife, <br><br> Defendants. | Case No.: 2:19-cv-00239-PHX-GMS <br><br> **JOINT STATUS REPORT AND PROPOSED SCHEDULING DATES** |

Plaintiff and Defendants, by and through undersigned counsel, hereby submit this status report pursuant to the Court's Order dated March 20, 2020 (Doc. 42) which continued all deadlines previously imposed for sixty (60) days due to the then growing COVID-19 pandemic.

Between March 6th and March 19th both counsel learned new information and made litigation related decisions which reduced the likely future burden on the Court and

significantly altered the posture of this case. Specifically, Plaintiff's counsel determined it would waive the accountant-client privilege as it relates to Plaintiff's 2006 Gift Tax Return and related 2006 tax filings. In addition, both counsel learned that Plaintiff had additional records that were in the care and custody of a third-party accounting firm. Defendants served a subpoena *duces tecum* on the accounting firm, however, due to the accounting firm's building being placed on "lock-down" status, Defendant arranged to have the firm accept service of the subpoena by email and agreed to provide the firm additional time, as may be needed, to produce the records due to the issues confronting the accounting firm related to reviewing and assembling older non-electronic documents during this health crisis.

The production was only recently made to Plaintiff's counsel only to ensure that any other documents not subject to the agreed upon scope of the waiver were not inappropriately disclosed. Plaintiff's counsel is working diligently on its review of the recently disclosed documents and will be disclosing the additional documents and a privilege log in the next week to ten-days.

Thereafter, the documents may or may not need to be reviewed by Defendants' consultant prior to reconvening Mr. Pratte's deposition in light of the waiver and completing the deposition of the accountant, Mr. Shisler, who prepared the 2006 Gift Tax Return. Both counsel presume that with disclosure of additional documents and a privilege log completed by April 27, 2020, absent any issues pertaining to the privilege log, the documents should be capable of being reviewed and the two aforementioned depositions could be completed within approximately 30 days of that date, i.e., on or about May 29, 2020. Counsel will, however, be requesting a date in the first week of June to account for additional time due to the communications issues that are slowly becoming the "new normal" under which firms and other professionals are operating.

Defendants' counsel also wishes to advise the Court that some logistical issues have arisen that, while not impacting fact discovery and MIDP finalization by the end of May or early June, may impinge upon other subsequent time frames suggested in or about late June or July 2020. Those two areas are the change to accountants' availability due to COVID-19 tax deadline extensions and issues pertaining to Defendants' counsels' relocation of offices.

As the Court is well aware, expert accountants and tax attorneys frequently become largely sequestered or unavailable in or about mid-April of each year due to tax filing issues. Those deadlines are now extended to mid-July and Defendants' counsel has already been advised that due to the plethora of accounting work generated by the pandemic, coupled with the new filing deadlines, June 15 to July 15, 2020 will be problematic for most accountants and tax attorneys.

In addition, Defendants' counsel has long been planning to move and is moving offices to the Scottsdale Spectrum and was anticipating moving in late May. Even if the space was not completed to work in, the new space would have been accessible for moving and storage purposes in late May. The lease at Defendants' counsels' current address has expired and to facilitate a smooth transition an extension through the end of May was granted, but it appears, at present, no additional extensions may be available. Moreover, due to the COVID-19 situation, the new office space renovations have been delayed. Therefore, there are issues confronting Defendants' counsel including finding movers willing to work, places to office or store case files and furniture for 30-60 days while construction is completed at the new facility, all of which may engender disruptions or delays that simply could not be anticipated and which were engendered by this pandemic.

At present, however, the parties propose the following scheduling dates and deadlines which they will endeavor to adhere to in good faith and subject to matters within their control:

1. Setting the deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, as June 5, 2020.

2. Setting the deadline for Plaintiff to provide full and complete expert disclosures as June 19, 2020.

3. Setting the deadline for Defendants to provide full and complete expert disclosures as July 24, 2020.

4. Setting the deadline for rebuttal expert disclosures as August 14, 2020.

5. Setting the deadline for completing all expert depositions as September 11, 2020.

6. Defendants further request the Court extend the dispositive motion deadline to October 16, 2020 to maintain the overall timeline whereby all information can be considered, including expert depositions, if needed.

7. The pre-motion conference letter submission and contact date be set as October 23, 2020. On or before that date the parties shall exchange their respective two-page letters regarding any anticipated dispositive motions, and on October 23, 2020, the parties shall contact the Court to schedule a time for the pre-motion conference, if needed.

DATED this 20th day of April, 2020.

KERCSMAR & FELTUS PLLC                LAW OFFICE OF THOMAS J. MARLOWE

By: *s/Gregory B. Collins w/permission*         By: *s/ Thomas J. Marlowe*
    Gregory B. Collins                              Thomas J. Marlowe
    Eric B. Hull                                    2425 East Camelback Road, Suite 880
    7150 East Camelback Road, Suite 285              Phoenix, Arizona 85016
    Scottsdale, Arizona 85251                        *Attorney for Defendants*
    *Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Marlowe, hereby certify that on April 20, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s) in this case.

By: <u>/s/ Thomas J. Marlowe</u>

Gregory B. Collins
Eric B. Hull
Kercsmar & Feltus PLLC
7150 E. Camelback Road, Ste. 285
Scottsdale, Arizona 85251
gbc@kflawaz.com
ebh@kflawaz.com
Attorneys for Plaintiff