LAW OFFICES OF THOMAS M. CONNELLY
Thomas M. Connelly (Az. Bar. No. 012987)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tconnelly2425@aol.com

LAW OFFICES OF THOMAS J. MARLOWE
Thomas J. Marlowe (Az. Bar No. 016640)
2425 East Camelback Road, Suite 880
Phoenix, Arizona 85016
Phone: (602) 957-1993
Facsimile: (602) 957-2137
Tmarlowe2425@outlook.com

Attorneys for Bardwell Defendants

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald H. Pratte,<br><br>    Plaintiff,<br><br>vs.<br><br>Jeffrey Bardwell and Fanny F. Bardwell, husband and wife,<br><br>    Defendants. | Case No.: 2:19-cv-00239-PHX-GMS<br><br>**JOINT STATUS REPORT AND MOTION TO MODIFY PROPOSED SCHEDULING DATES** |

Plaintiff and Defendants, by and through undersigned counsel, hereby submit this status report to apprise the Court of events occurring since the prior status report filed in late April, 2020, and request the Court continue deadlines for the reasons stated herein for a period of not less than thirty (30) to forty-five (45) days. The dates set forth herein vary to some degree, but all equate to that range and are varied to account for holidays and other times where experts may not be readily available, for example, the October tax filing season. The requested enlargement is based upon current events, i.e., the resurgence of

{00200706.DOCX;2 / GBC}          1

the COVID-19 pandemic and related and unforeseen delays and scheduling difficulties outlined herein arising as a result.

As an initial matter, Defendant Bardwell, who resides of California, recently contracted COVID. While he is now recovering, Mr. Bardwell was unavailable to consult with counsel for the past 2-3 weeks, while on long-term bedrest.

While Mr. Bardwell has been unavailable, the parties counsel has continued to work through discovery issues here in an effort to resolve these matters without Court involvement. In large part, the Parties have been successful throughout this case and worked to resolve relatively complex privilege and discovery issues amongst themselves. Those efforts are continuing, as explained below.

Previously, Plaintiff's counsel determined it would waive the accountant-client privilege as it relates to Plaintiff's 2006 Gift Tax Return and related 2006 tax filings. In addition, both parties learned that Plaintiff had additional records that were in the care and custody of a third-party accounting firm. Due to the pandemic, Plaintiff's counsel encountered some delays in accessing the file, reviewing the file, and disclosing pertinent materials to Defendants' counsel. Production was made to Defendants' counsel on an "attorneys' eyes only" basis (which included Defendants' experts or consultants) at this stage of the proceedings.

Counsel also determined thereafter that there was an estate file outlining Plaintiff's estate plans. Plaintiff continues to maintain that estate-planning documents are irrelevant. Defendants contend that the estate-planning documents are relevant to the extent that Mr. Bardwell is mentioned and to the extent that those files discuss life-time gifting activities. While Plaintiff continues to assert that the documents are irrelevant, Plaintiff's counsel agreed to obtain the documents, including communications with Plaintiff's estate-planning attorney, and review these documents in an effort to resolve this issue. The

parties worked cooperatively to avoid issuance of subpoenas, Plaintiff's counsel obtained Plaintiff's permission to obtain the file for internal review purposes.

The estate file was produced to Plaintiff's counsel only recently and the review was just completed. A privilege log was produced which the parties recognize requires further discussion at this time. Plaintiff's counsel and Defendant's counsel are working diligently to resolve issues prior to completing what the parties believe are the only two remaining depositions.

There are two depositions left to complete in this matter. Unfortunately, the remaining depositions involve older "at-risk' persons. For a period of time the parties delayed scheduling these depositions in the hope that events would allow these depositions to take place in person. The parties now agree that video conference depositions will be necessary here. While the parties are working to schedule these depositions, the scheduling has been complicated by the fact that one of the non-party deponents is represented by attorneys at Dickinson Wright, which remains closed at this time due to the pandemic. The deponents counsel did recently advise they will be able to facilitate the deposition via video conferencing. And the parties will conduct that deposition via video conferencing.

Finally, Defendants' counsel previously advised the Court that they were planning a move to new offices after 25-years in the same location. The pandemic, however, created unforeseen delays and wholly unforeseen logistical issues related to counsels' relocation of offices. Counsel already extended their lease, at an increased cost, to the full extent possible and are required to vacate their office space by July 31, 2020. Unfortunately, the new offices were only just capable of being occupied and electrical functionality (beyond lights and power) is not yet complete, i.e., internet, wi-fi, and other attendant networking services and equipment (routers, switches, etc.), not to mention unforeseen building restrictions only recently presented (due to COVID) impacting availability of movers,

testing, certificates of insurance, etc.  In short, counsel will likely need the entire last week of July to devote solely to moving and vacating the current premises, disposing of files, disposing of furniture not being relocated, potentially resolving other unforeseen issues, and endeavoring to expedite technological completion of the space, or to make alternative arrangements in the interim.

As there remain some discovery issues the parties anticipate being able to resolve prior to being able to complete the two remaining depositions, coupled with the unavailability of Defendants' counsel for at least 1 week in July and the fact that trial, due to COVID and other matters will not likely occur in the near future, the parties agree and respectfully request the Court continue the scheduling dates/deadlines for at least the time requested, or longer if the Court deems it appropriate in light of its own scheduling and accessibility limitations as outlined in General Order 20-30.  The parties assure the Court that they continue to work on this matter diligently and are not ignoring this case or otherwise seeking this continuance for purposes of delay.

The parties propose the various deadline be continued to the following:

1.   Setting the deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, as August 21, 2020.

2.   Setting the deadline for Plaintiff to provide full and complete expert disclosures as August 28.

3.   Setting the deadline for Defendants to provide full and complete expert disclosures as September 25, 2020.

4.   Setting the deadline for rebuttal expert disclosures as October 23, 2020 (due to tax season falling within October).

5.   Setting the deadline for completing all expert depositions (potentially 4 experts) as November 27, 2020.

6. Defendants further request the Court extend the dispositive motion deadline to December 18, 2020[1] to maintain the overall timeline whereby all information can be considered, including expert depositions, if needed.

7. The pre-motion conference letter submission and contact date be set as November 13, 2020.  On or before that date the parties shall exchange their respective two-page letters regarding any anticipated dispositive motions, and the following week the parties shall contact the Court to schedule a time for the pre-motion conference, if needed.

DATED this 13th day of July, 2020.

| KERCSMAR & FELTUS PLLC | LAW OFFICE OF THOMAS J. MARLOWE |
|---|---|
| By: *s/*Gregory B. Collins *(with permission)* <br> Gregory B. Collins <br> Eric B. Hull <br> 7150 East Camelback Road, Suite 285 <br> Scottsdale, Arizona 85251 <br> *Attorneys for Plaintiff* | By: *s/*Thomas J. Marlowe <br> Thomas J. Marlowe <br> 2425 East Camelback Road, Suite 880 <br> Phoenix, Arizona  85016 <br> *Attorney for Defendants* |

---

[1] The current dispositive motion deadline is November 13, 2020. (DE 44.)

{00200706.DOCX;2 / GBC}        5

CERTIFICATE OF SERVICE

I, Thomas J. Marlowe, hereby certify that on July 13, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s) in this case.

By: *s/* Thomas J. Marlowe

Gregory B. Collins
Eric B. Hull
Kercsmar & Feltus PLLC
7150 E. Camelback Road, Ste. 285
Scottsdale, Arizona 85251
gbc@kflawaz.com
ebh@kflawaz.com
Attorneys for Plaintiff