**KERCSMAR & FELTUS** PLLC
www.businesslawaz.com

---

7150 EAST CAMELBACK ROAD, SUITE 285
SCOTTSDALE, AZ 85251
(480) 421-1001 • FAX (480) 421-1002

GREGORY B. COLLINS
gbc@kflawaz.com

November 13, 2020

**VIA ECF ONLY**
CHIEF JUDGE G. MURRAY SNOW
United States District Court Sandra Day O'Connor U.S. Courthouse, Suite 622
401 West Washington Street, SPC 80 Phoenix, AZ 85003-2161
Phone: (602) 322-7650

    Re    *Pratte v. Bardwell* (Case No.: 2:19-cv-00239)

Dear Honorable Judge Snow,

    This letter provides notice of Mr. Pratte's intent to move for summary judgment on his claims for breach of contract and unjust enrichment. It is undisputed that Mr. Pratte provided Mr. Bardwell with cash, investment holdings, and tax payments totaling . It is undisputed that upon receiving this windfall, Mr. Bardwell worked for Mr. Pratte without further compensation for the next twelve years. Mr. Pratte alleges that he provided Mr. Bardwell with this windfall in exchange for Mr. Bardwell's agreement to work for Mr. Pratte for the rest of Mr. Pratte's life. And indeed, Mr. Bardwell did work for Mr. Pratte for the twelve years before abruptly stopping. Mr. Bardwell argues that his windfall from Mr. Pratte was an unconditional gift and that his continued work for Mr. Pratte for the subsequent twelve years was gratuitous and performed simply out of loyalty.

    But this is not a simple case of he said/he said. Outside of his own testimony, Mr. Bardwell cannot point to any evidence demonstrating Mr. Pratte's donative intent—an issue on which he bears the burden. "A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment." *United States v. 403 1/2 Skyline Dr., La Habra Heights, CA*, 797 F. Supp. 796, 798 (C.D. Cal. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). "Thus, mere disagreement or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment." *Id.* Mr. Bardwell has presented no evidence suggesting his twelve years of work was gratuitously supplied. He cannot point to a single fact witness to support either contention. Not even Mr. Bardwell's then-wife could provide him with any evidentiary support. Instead, witness after witness—including Mr. Bardwell's own friends and

November 13, 2020
Page 2

neighbors—testified that Mr. Bardwell acknowledged an agreement with Mr. Pratte to work for the rest of Mr. Pratte's life.

Mr. Bardwell cannot survive summary judgment by simply declaring, "That's my story and I'm sticking to it." "Although '[t]he evidence of [the non-moving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor,' the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Equal Employment Opportunity Comm'n v. ValleyLife*, No. CV-15-00340-PHX-GMS, 2017 WL 227878, at *3 (D. Ariz. Jan. 19, 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts." *Id*.

Indeed, Mr. Bardwell's inability to explain why he worked for Mr. Pratte for twelve years without additional compensation if he was *not* under contract is fatal to his defense—it is simply implausible. "If the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Tanner v. Heise*, 879 F.2d 572, 577 (9th Cir. 1989); *see also HiRel Connectors, Inc. v. United States*, No. CV01-11069 DSF VBKX, 2006 WL 3618007, at *3 (C.D. Cal. Sept. 5, 2006) ("The non-movant's burden to demonstrate a genuine issue of material fact increases when the factual context renders the claim implausible"). Not only does Mr. Bardwell not have "more persuasive evidence than would otherwise be necessary," he does not have any evidence at all.

Upon briefing, the Court should grant summary judgment in favor of Mr. Pratte on his contract claim and unjust enrichment claim.

Sincerely,
Kercsmar & Feltus PLLC

*s/Greg Collins*
Gregory B. Collins
Kercsmar & Feltus, PLLC
*Attorneys for Plaintiff Ron Pratte*

GBC:ana