WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Pratte, | No. CV-19-00239-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Bardwell, et al., | |
| Defendants. | |

Before the Court is Plaintiff Ronald Pratte's ("Plaintiff") Motion for Summary Judgment, (Doc. 55), and Defendants Jeffrey Bardwell and his wife Fanny Bardwell's Motion for Summary Judgment, (Doc. 57). For the following reasons, Plaintiff's Motion is denied, and Defendants' Motion is granted in part and denied in part.[1]

**BACKGROUND**

Plaintiff is a businessman who developed a construction business he ultimately sold in 2005. (Doc. 58 at 1); (Doc. 62 at 1.) He hired Defendant Jeffrey Bardwell ("Defendant") in 2001 to manage a Phoenix lumberyard. *Id.* Over the next four years, Plaintiff and Defendant became close friends. *Id.* After selling his company, Plaintiff met with Defendant and four other men at the Las Vegas Airport. (Doc. 58 at 3); (Doc. 62 at 3). At the meeting, Plaintiff gave each of the men an envelope containing a two-million-dollar

---

[1] The Defendants' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

check. *Id.* He also informed the men that he would be transferring real property to them in the coming months. (Doc. 58 at 3); (Doc. 62 at 4). Plaintiff expressed a wish that the men would start a home construction business with the funds and property. *Id.* Plaintiff paid gift taxes in association with the transfers. (Doc. 58 at 4); (Doc. 62 at 4).

Plaintiff alleges that, in exchange for the check and real property, Defendant agreed to work for him for the rest of Plaintiff's life. (Doc. 58 at 6.) Defendant, however, claims that the transfers were gifts, and that he made no commitment to work for Plaintiff. *Id.* at 7. Plaintiff brought suit against Defendant alleging breach of contract, promissory estoppel, and unjust enrichment. (Doc. 1-1 at 8.) Plaintiff now moves for summary judgment on his breach of contract and unjust enrichments claims, (Doc. 55), and Defendant moves for summary judgment on all claims, (Doc. 57).

## DISCUSSION

### I. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P.

56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

## II. Analysis

### A. Breach of Contract & Promissory Estoppel

To prove a breach of contract claim under Arizona law, Plaintiff must establish the existence of a contract, breach thereof, and resulting damages. *Clark v. Compania Ganadera de Cananea*, 95 Ariz. 90, 94, 387 P.2d, 235, 238 (1963). A contract exists once there is "an offer, an acceptance, consideration, and sufficient specification of terms so that obligations can be ascertained." *K-Line Builders, Inc. v. First Fed. Savings & Loan Ass'n*, 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (Ct. App. 1983). In contrast, promissory estoppel involves "a promise which induces the promisee to rely to his detriment and which the promisor should reasonably have foreseen would cause the promisee to so rely." *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1023 (D. Ariz. 2003) (quoting *Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 16 Ariz. App. 415, 419, 493 P.2d 1220, 1224 (1972)).

Here, one transaction is the basis of the alleged contract and the alleged promise at issue. Plaintiff and Defendant recount different versions of the event. Plaintiff alleges that he gave Defendant a two-million-dollar check and an interest in several million dollars of property in exchange for a promise that Defendant would work for him until Plaintiff's death. (Doc. 56-1 at 55.) He claims this agreement was explicit at the time of their meeting at the Las Vegas airport where the checks were dispersed. *Id.* at 55–56. Defendant, however, asserts that no "deal" was ever made, and that he had no obligation to take care of the Plaintiff's needs. (Doc. 64-3 at 9–10.) Instead, he alleges that he was receiving a gift

from the Plaintiff, and that he planned to work in the new company as a point person for Plaintiff, assuring that his "demanding" nature did not interfere with the company's growth. *Id.* at 10. A reasonable jury could believe either party's testimony. Thus, because each version of events is supported by deposition testimony, a genuine issue of material fact exists as to whether the parties entered into a contract. The same dispute establishes that there is a genuine dispute of material fact as to Plaintiff's claim of promissory estoppel. Each party's version of events supports their own arguments about their expectations after the money was transferred. Each party's motion for summary judgment on these issues is denied.[2]

### B. Unjust Enrichment

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz.*, 202 Ariz. 535, 541, 48 P.3d 485, 491 (Ct. App. 2002). Under Arizona law, a claim for unjust enrichment must satisfy five elements. A plaintiff must allege: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law." *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 630, 898 P.2d 1005, 1008 (Ct. App. 1995). Two limitations to the doctrine are relevant here. First, "where there is a specific contract which governs the relationship of the parties, the doctrine

---

[2] Nor does the Statute of Frauds prevent enforcement of the alleged contract. Arizona's Statute of Frauds provides that:

> No action shall be brought in any court . . . unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized . . . [u]pon an agreement which is not to be performed within one year from the making thereof.

A.R.S. § 44–105(4) (2003). Thus, contract claims and promissory estoppel claims involving a promise that cannot be performed within one year must be in writing to be enforceable. "However, '[i]f an oral agreement can possibly be performed within one year, the statute of frauds does not apply.'" *Diaz-Amador v. Wells Fargo Home Mortgs.*, 856 F. Supp. 2d 1074, 1080 (D. Ariz. 2012) (quoting *Healey v. Coury*, 162 Ariz. 349, 353, 783 P.2d 795, 799 (Ct. App. 1989)). Plaintiff alleges Defendant agreed to work for him until Plaintiff died. (Doc. 56-1 at 55.) As his death could have occurred within a year, the Statute of Frauds does not apply.

- 4 -

of unjust enrichment has no application." *Brooks v. Valley Nat. Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976). And second, under Arizona law, a claim for unjust enrichment is only tenable where a plaintiff shows "that it was not intended or expected that the services be rendered or the benefit conferred gratuitously, and that the benefit was not conferred officiously." *Murdock-Bryant Const., Inc. v. Pearson*, 146 Ariz. 48, 54, 703 P.2d 1197, 1203 (Ariz. 1985).

Here, because a claim of unjust enrichment cannot be maintained when there is a valid, enforceable contract, and Plaintiff still maintains that he has a valid contract with Defendant, Plaintiff is not entitled to summary judgment on the issue. Moreover, for the reasons explained above, there is a genuine issue of material fact as to whether the parties' transaction was gratuitous. There is thus an issue of material fact as to the application of the doctrine of unjust enrichment. Summary judgment on the issue is denied.

**C. Gift Tax Damages**

Title 26 U.S.C. 2501, imposes a tax upon the donor of gifts made to a donee. This "gift tax" applies to gratuitous transfers. Internal Revenue regulations specify that it is not imposed where money is transferred in an arms-length transaction:

> Transfers reached by the gift tax are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration to the extent that the value of the property transferred by the donor exceeds the value in money or money's worth of the consideration given therefor. However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth.

26 C.F.R. § 25.2512-8. The gift tax "is a primary and personal liability of the donor" as "an excise upon his act of making the transfer." 26 C.F.R. § 25.2511-2(a). It is not "imposed upon the receipt of the property by the donee, . . . determined by the measure of enrichment resulting to the donee from the transfer," or "conditioned upon ability to identify the donee at the time of the transfer." *Id.*

Here, Plaintiff claims that he paid Defendant in exchange for Defendant working for him for the rest of Plaintiff's life. He also alleges, however, that part of his damages from Defendant's breach of their agreement is that he "paid taxes on behalf of [Defendant] and his wife." (Doc. 1-1 at 7.) Specifically, that Plaintiff "paid [Defendant's] taxes on the payments and transfers, totaling $3,378,092.00." (Doc. 58-1 at 80.) Plaintiff's assertions of damages, however, are incompatible with his legal theory. He paid $3,378,092.00 as gift taxes. (Doc. 64-1 at 36.) The above regulations make clear that the donor bears responsibility for gift taxes. The obligation that Plaintiff characterizes as Defendant's was only ever his. Moreover if, as he alleges, Plaintiff provided assets to Defendant in exchange for services, then the transfer should not have been subject to a gift tax at all, and the transfer was improperly claimed. Plaintiff is not permitted to assert damages from an agreement to improperly file his taxes. *See White v. Mattox*, 127 Ariz. 181, 184, 619 P.2d 9, 12 (1980) ("Recovery will be denied if the acts to be performed under the contract are themselves illegal or contrary to public policy."); *cf. Gutierrez v. Carter Bros. Sec. Servs., LLC*, 63 F. Supp. 3d 1206, 1215 (E.D. Cal. 2014) (refusing to enforce an agreement where its apparent purpose was to avoid paying employment taxes and other benefits). Thus, Plaintiff's claims for damages are dismissed to the extent they are based on his payment of gift tax liabilities.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 55) is **DENIED.**

/ / /

/ / /

/ / /

/ / /

1  **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment
2 (Doc. 57) is **GRANTED** in part and **DENIED** in part. Plaintiff's claims for damages are
3 dismissed to the extent that they rely on his payment of gift taxes on behalf of Defendant.
4   Dated this 4th day of August, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge